Anna **SARGSYAN; et al.,** Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72982.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Dec. 21, 2007.

Areg Kazaryan, Law Offices of Areg Kazaryan, Glendale, CA, Eric Fromme, Esq., Jeffrey H. Reeves, Gibson, Dunn & Crutcher LLP, Irvine, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Elena J. Duarte,

Mark C. Krause, Esq., E. Martin Estrada, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMPSON, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM *

Lead petitioner Anna Sargsyan and her husband, Tadevos Karapetyan, natives and citizens of Armenia, petition for review of a Board of Immigration Appeals ("BIA") order. The order dismissed their appeal from an Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition for review.

The BIA adopted and affirmed the decision of the Immigration Judge, but expressly did not adopt the IJ's adverse credibility determination. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 & n. 4 (9th Cir.2005) (en banc); *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994).

The BIA held that even if Sargsyan was found to be credible, nothing that happened to her in the past established she was or would be persecuted on the basis of her religion. Sargsyan testified to being involved in a single attack (the 1999 attack) in which she was seriously injured.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

With the exception of the 1995 attack in which she was not seriously injured, Sargsyan was not prevented from practicing her religion. Presuming Sargsyan's testimony to be true, the cumulative effect of the alleged harms to herself, her husband, and others closely tied to her does not compel a finding that Sargsyan was persecuted on account of her religion.[1] *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005); *Korablina v. INS,* 158 F.3d 1038, 1043–44 (9th Cir.1998). Similarly, the record does not compel the conclusion that a reasonable person in Sargsyan's situation would fear future persecution on the basis of her religion. *See Korablina,* 158 F.3d at 1044.

Because Sargsyan fails to establish eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. *See, e.g., Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). The BIA properly incorporated the IJ's CAT relief holding. *See Abebe,* 432 F.3d at 1040.

**PETITION FOR REVIEW DENIED.**

---

1. While harm to Tadevos Karapetyan is relevant in assessing Sargsyan's asylum claim, *see Korablina v. INS,* 158 F.3d 1038, 1043–44 (9th Cir.1998), Tadevos Karapetyan *never* successfully filed an asylum application on his own behalf. We therefore presently consider his eligibility for asylum on a derivative basis as Sargsyan's husband, 8 U.S.C. § 1158(b)(3)(A), without prejudice to his attempting to obtain any other relief that may be available to him.

