**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KNARIK BAGRATOVNA CHALABYAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-70718 <br><br> Agency No. A097-478-965 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and WALTER, District Judge.[**]

Petitioner, Knarik Bagratovna Chalabyan, a native of the former Soviet

Union and a citizen of Armenia, filed a petition for asylum alleging that she

suffered past persecution and fears future persecution because of her Azeri

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

ethnicity and political activism. Chalabyan also filed claims for withholding of removal and protection under the Convention Against Torture ("CAT"). *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. §§ 1208.16, 1208.18. After a hearing on the merits, the Immigration Judge ("IJ") found Chalabyan to be statutorily ineligible for asylum because she failed to carry her burden of proof in demonstrating that her application was timely filed. The IJ also found that Chalabyan was not a credible witness. Relying on his adverse credibility finding, the IJ determined that Chalabyan failed to carry her burden of proof in demonstrating her eligibility for withholding of removal and protection under CAT.

First, Chalabyan filed a timely appeal and the Board of Immigration Appeals ("BIA") analyzed the merits of Chalabyan's asylum claim without addressing the IJ's determination that her application was untimely. The Government conceded in its brief that timeliness is no longer an issue because the BIA addressed the merits of Chalabyan's asylum claim. Therefore, we hold that the BIA implicitly rejected the IJ's finding of untimeliness.

Second, although the BIA reversed the IJ's adverse credibility finding as inadequate, it failed to analyze the merits of Chalabyan's claims after crediting her testimony about her experiences. The Government failed to address the adverse credibility reversal in its responsive brief. As we have no basis to consider

2

Chalabyan's testimony as anything less than credible, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004), we analyze the merits of her asylum application and grant Chalabyan's petition.

To qualify for asylum, Chalabyan must establish that she is unwilling to return to Armenia "because of persecution or a well-founded fear of persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion." *Lopez v. Ashcroft*, 366 F.3d 799, 802 (9th Cir. 2004). Whether an alien has demonstrated past persecution or a well-founded fear of future persecution are questions reviewed for substantial evidence. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Under this standard, the agency's determination must be upheld "unless the evidence not only supports, but *compels* the conclusion that the asylum decision was incorrect." *Id.* (citation and quotation marks omitted).

The record in this case compels the conclusion that Chalabyan suffered past persecution on account of her ethnicity. Chalabyan narrowly escaped a house fire the same month that she received an anonymous letter threatening her that if she did not leave, she would be burned to death "along with [her] house" because she was Azeri. Chalabyan had brought the death threat to the police's attention. Despite the temporal connection between the death threat and the fire, the police

were unwilling to investigate the matter. No reasonable factfinder could conclude that the fire was coincidental. Chalabyan was therefore the victim of past persecution on account of her Azeri ethnicity. *See Andriasian v. INS*, 180 F.3d 1033, 1042-43 (9th Cir. 1999).

The record also compels the conclusion that Chalabyan suffered past persecution on account of her political opinion. Chalabyan became a member of the People's Party in 1998, and became an active participant in the political process in 2002. She had several assignments with the party including (1) collecting signatures to ensure that the opposition candidate, Stephan Demirchian, would appear on the ballot for the March 2003 presidential election, (2) overseeing the electoral committee in her neighborhood, and (3) monitoring the election at a local polling station.

Chalabyan describes several incidents surrounding her assistance with the March 2003 election. She claims that she was intimidated, pushed, and hit in the ear by two men (alleged to be cronies of the established party) when she called attention to an incident of ballot box stuffing. She asserts that the men told her "you won't get home" if she continued to call attention to the voting discrepancies, but she refused to back down. Finally, the men approached her again outside the

4

presence of international observers and asked her why she was not taking their threats seriously.

The day after the election, Chalabyan claims that she was attacked on the street by an unknown assailant who pushed her to the ground and hit her while chastising her for supporting Stephan Demirchian. As a result of this assault, Chalabyan sought treatment at the local hospital. She states in her application that police officers came to the hospital, questioned her, and informed her that she would be arrested. According to Chalabyan, the police left an arrest order with the hospital staff, and instructed the doctors to prepare her so that she could be checked out the following day to report to the police station. Chalabyan claims that a nurse helped her flee the hospital without detection. Chalabyan claims that when she arrived home she received a phone call from her sister-in-law who informed her that the police were looking for her. Chalabyan left Armenia two days later and never returned. Chalabyan also presented documentation of the wide-spread detention of political opposition activists shortly after the election.

Chalabyan alleges that she suffered a physical attack coupled with threats, which is consistent with persecution. *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 (9th Cir. 2004) (holding that when physical abuse is combined with other incidents, such as threats, "the harm is severe enough that no reasonable fact-finder

5

could conclude that it did not rise to the level of persecution" (internal quotations omitted)).  Further, the evidence compels the conclusion that government officials were involved in the threats and violence, and that the persecution was committed because of her political opinion and affiliation with the opposition presidential candidate.  Accordingly, this Court concludes that substantial evidence does not support the finding that Chalabyan did not experience past persecution.

Because Chalabyan has established that she suffered past persecution because of her political opinion, on remand she will be entitled to a presumption of future persecution.  8 C.F.R. § 1208.13(b)(1).  We remand this case to allow the BIA the initial opportunity to determine whether the Government has successfully rebutted the presumption of future persecution, which would otherwise entitle her to asylum.

Finally, Petitioner also filed a claim for withholding of removal and relief under CAT.  As discussed *supra*, the IJ relied on his adverse credibility finding to deny these claims.  Although the BIA reversed the IJ's adverse credibility finding, it summarily affirmed his ruling on withholding of removal and relief under CAT, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994).  Hence, the agency has not engaged in an analysis of either issue taking Chalabyan's testimony as credible.

Therefore, Chalabyan's claims for withholding of removal and relief under CAT are remanded for the agency to address.

PETITION GRANTED; REMANDED.