NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BASHKIM VATA, | No. 06-74857 |
| Petitioner, | Agency No. A75 654-152 |
| v. | |
| ERIC H. HOLDER, JR.**, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 3, 2010***
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and ENGLAND, District
Judge****.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      Eric Holder is substituted for his predecessors, Alberto R. Gonzales
and John Ashcroft, as Attorney General.  Fed. R. App. 43(c)(2).

\*\*\*      The panel unanimously concluded this case was suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*\*      The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

Petitioner Bashkim Vata ("Vata"), a native and citizen of Albania, petitions for review of a decision, by the Board of Immigration Appeals ("BIA"), affirming the denial of Vata's applications for asylum and withholding of removal by the Immigration Judge ("IJ"). The IJ denied relief after making an adverse-credibility determination. We conclude that the IJ's adverse-credibility determination was supported by substantial evidence. We therefore deny Vata's petition.

Where, as here, the BIA adopts and affirms the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we "look through the BIA's decision and treat the IJ's decision as the final agency decision for purposes of this appeal." *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). An adverse-credibility determination is reviewed for substantial evidence. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). Even if some factors relied on by the IJ are unsupported or irrelevant, we will uphold an adverse-credibility finding "so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution." *Li v. Ashcroft*, 378 F.3d 959, 964

(9th Cir. 2004) (internal quotation and citation omitted).[1] Because the IJ is in the best position to assess the trustworthiness of an asylum applicant's testimony, the IJ's assessment as to the applicant's credibility is properly afforded deference. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661 (9th Cir. 2003); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (a credibility determination based on an applicant's demeanor is given "special deference").

The IJ made specific findings that Vata's testimony at the merits hearing was both internally inconsistent and inconsistent with his asylum declaration and/or the information he provided to the asylum officer some three months prior to the hearing, in August of 1999. As the IJ noted, Vata's accounts of his various incarcerations in Albania varied significantly. The IJ also described various discrepancies concerning Petitioner's 1995 arrest in post-communist Albania, his subsequent detention, and his escape from prison a year later. In addition, the IJ described the marked change he identified in Vata's demeanor after being confronted with these various discrepancies at the merits hearing. The IJ rejected as implausible Vata's attempt to discredit the observations of the asylum officer,

---

[1] The Real ID Act restricts our review of an IJ's credibility determination for applications filed after May 11, 2005, but Vata's asylum application was filed in 1998, well before that date. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

3

by claiming that the officer's interview lasted no more than 10 minutes, when the officer specifically noted start and stop times indicating that the interview lasted some 70 minutes, and where the officer was able to take four pages of detailed notes during the course of the interview.

Viewed in their entirety, the discrepancies identified by the IJ provide substantial grounds for his adverse-credibility assessment. The IJ identified specific inconsistencies, described how Vata's version of events changed over time, and detailed the implausibility of certain of Vata's claims both in and of themselves and in relation to other evidence (like the asylum officer's notes). The IJ's resulting adverse-credibility assessment goes squarely to the heart of Vata's claims, which ultimately rise and fall on whether he is believable in expressing fear over imprisonment, torture, and even execution if he returns to Albania. We therefore need not reach the IJ's alternative holding that, even assuming Vata gave credible testimony, he failed to establish eligibility for asylum or withholding of removal.

Vata's petition for review is **DENIED**.