NOT FOR PUBLICATION

FILED

MAR 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MINDUAN LIN, | ) | No. 07-72176 |
| | ) | |
| Petitioner, | ) | Agency No.  A096-149-572 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2011[**]
San Francisco, California

Before:    NOONAN, FERNANDEZ, and CLIFTON, Circuit Judges.


Minduan Lin, a native and citizen of China, petitions for review of the Board

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

of Immigration Appeals' denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT) relief.[3] We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason'" for

---

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 implemented at 8 C.F.R. § 1208.18.

disbelieving the alien must be offered.  Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th

Cir. 2004).

We have reviewed the record and are satisfied that the BIA's decision was

supported by substantial evidence.[4]  The BIA ultimately determined that Lin lacked

credibility because he submitted a fraudulent document that went to the heart of his

asylum claim.  See Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir. 2004).  While there

are times when the mere presentation of a fraudulent document is not enough to

undermine credibility,[5] here Lin submitted the false medical record to bolster his

claim that he had been jailed and physically abused.[6]  Moreover, he had every

opportunity to explain his submission of that false document,[7] but gave wholly

unsatisfactory explanations.[8]  Thus, we are unable to say that a "reasonable

---

[4]Because the BIA cited Matter of Burbano, 20 I&N Dec. 872, 874 (BIA 1994) and also gave its own specific reason that Lin was not credible, we review both the determinations of the BIA and those of the IJ.  See Joseph v. Holder, 600 F.3d 1235, 1240 (9th Cir. 2010); cf. Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir. 2010).

[5]See Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 911–12 (9th Cir. 2004).

[6]See Khadka v. Holder, 618 F.3d 996, 1000–01 (9th Cir. 2010); Desta v. Ashcroft, 365 F.3d 741, 745 (9th Cir. 2004); Wang v. INS, 352 F.3d 1250, 1258 (9th Cir. 2003).

[7]See Khadka, 618 F.3d at 1001 n.4.

[8]See Wang, 352 F.3d at 1258; In re O-D-, 21 I&N Dec. 1079, 1082 (BIA
(continued...)

3

factfinder would have to conclude that the requisite fear of persecution existed."

Elias-Zacarias, 502 U.S. at 481, 112 S. Ct. at 815.

Because Lin did not meet his burden regarding asylum, he necessarily failed to establish eligibility for withholding of removal. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir. 1995).

Finally, the evidence in the record does not compel a determination that it is more likely than not that Lin would be tortured in China.[9] Thus, he is not entitled to CAT relief. See Wakkary v. Holder, 558 F.3d 1049, 1067–68 (9th Cir. 2009); Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006); Singh v. Gonzalez, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.

---

[8](...continued)
1998). Moreover, while there is little doubt that Lin could easily have obtained statements from others on the subject, he did not do so. See Unuakhaulu v. Gonzales, 416 F.3d 931, 938 (9th Cir. 2005).

[9]We lack jurisdiction to consider Lin's unexhausted claim that simply because he illegally left China, he will be subject to torture upon his return. See Cortez-Acosta v. INS, 234 F.3d 476, 480 (9th Cir. 2000).