**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BHUPAL HARI KAYASTHA, | No. 07-72154 |
| Petitioner, | Agency No. A098-452-283 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2011[**]
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Bhupal Hari Kayastha ("Kayastha"), a native and citizen of Nepal, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA cited to its decision in *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), but clarified that "[a]lthough the Immigration Judge included impermissibly speculative findings in his decision, we are nonetheless unable to conclude that the IJ's overall credibility determination was clearly erroneous." In particular, the BIA concluded that three of the IJ's reasons for finding Kayastha not credible were supported by the record. Accordingly, we review for substantial evidence "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We grant the petition for review and remand.

Substantial evidence does not support the agency's adverse credibility determination. First, Kayastha's failure to submit a written declaration, which he prepared himself, that was not as complete as his oral testimony is not a proper basis for an adverse credibility finding. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005) ("[A]sylum forms filled out by . . . people who . . . are unable to retain counsel should be read charitably, especially when it comes to the absence of a comprehensive and thorough account of all past instances of persecution.") (internal quotation marks omitted); *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999) ("[A] concern that the affidavit is not as complete as might be

desired cannot, without more, properly serve as a basis for a finding of lack of credibility.") (internal quotation marks omitted). Kayastha testified regarding the two primary incidents upon which his asylum claim was based, both of which were described in his declaration, and merely supplemented his declaration with a description of three additional incidents.

Second, the IJ's conclusion that Kayastha was "evasive" when answering questions about the nature of the threats he received is unsupported by the record. A review of Kayastha's testimony in the record reveals (1) an innocent confusion about the exact question being asked, (2) an answer to the IJ's specific question, and (3) a clarification of testimony.

Finally, the inconsistency the BIA perceived between Kayastha's declaration stating he was "tortured," and his testimony about his harsh mistreatment when held in captivity by armed Maoists for sixteen days is not supported by the record. *See Tekle*, 533 F.3d at 1052-55. Moreover, the IJ erred by failing to give Kayastha an opportunity to explain the perceived inconsistency. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009) (adverse credibility determination not supported by substantial evidence where agency failed to offer petitioner opportunity to explain inconsistency upon which the adverse determination was partially based).

3

Accordingly, we grant the petition for review, and remand for the agency to reconsider Kayastha's asylum and withholding of removal claims, taking his testimony as true. *See Soto-Olarte*, 555 F.3d at 1093-96; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**