**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MOHAMED IBRAHIM ABDI, | No. 11-71115 |
| Petitioner, | Agency No. A089-853-110 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2013
Seattle, Washington

Before: HAWKINS, THOMAS, and NGUYEN, Circuit Judges.


Mohamed Ibrahim Abdi petitions for review of the Board of Immigration

Appeals's ("BIA") decision affirming the order of the Immigration Judge ("IJ")

denying his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Substantial evidence supports the agency's conclusion that the petitioner was involved with the persecution or assisted in the persecution of others on account of their perceived political opinion, and therefore ineligible for asylum and withholding of removal under the persecutor bar. 8 U.S.C. § 1101(a)(42)(A).[1]

The IJ found that two witnesses provided detailed and credible testimony regarding their alleged abuse at the hands of the petitioner. The IJ found that the petitioner failed to credibly rebut the allegations. The BIA determined that this finding was not clearly erroneous.

Petitioner argues that the testimony of the adverse witnesses was inconsistent and rebutted. However, we only assess whether the agency determination is supported by substantial evidence in the record. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). The fact-finder may consider the totality of circumstances, and all relevant factors, including demeanor, candor, responsiveness, plausibility, consistency, and accuracy. 8 U.S.C. § 1158(b)(1)(B)(iii). Although the record contains inconsistencies on the part of

---

[1] Because the BIA cited its decision in *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and also provided its own review of the evidence and the law, we review the decision of both the IJ and the BIA. *Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010).

witnesses, including the petitioner, we conclude under our deferential standard of review that the agency's determination is supported by substantial evidence.

Petitioner also argues that even if he is ineligible for asylum and withholding of removal under the persecutor bar, he is still eligible for deferral of removal under CAT. The agency found that it is not "more likely than not" that Abdi will be tortured if he is removed to Ethiopia, and the record does not compel the contrary conclusion.

We need not and do not reach any other issue urged by the parties on appeal.

**PETITION DENIED.**