**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR AGUILUZ-PINEDA, | No. 11-71415 |
| Petitioner, | Agency No. A093-486-138 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2014
Pasadena, California

Before: BENAVIDES,[**] WARDLAW, and CLIFTON, Circuit Judges.

Hector Aguiluz-Pineda petitions for review of a BIA decision denying him

cancellation of removal under 8 U.S.C. § 1231(b)(3). Citing *Matter of Burbano*, 20

I. & N. Dec. 872 (BIA 1994), the BIA adopted and affirmed the IJ's decision,

which concluded that Aguiluz-Pineda was statutorily barred from cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

removal for having been convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). Because the IJ failed to analyze this application for relief under the applicable *Matter of Y–L–* factors, we grant the petition for review and remand for application of these factors. *See* 23 I. & N. Dec. 270, 276–77 (Att'y Gen. 2002).

We have jurisdiction over legal questions. 8 U.S.C. § 1252(a)(2)(D). In addition, 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not a bar to our review of the issue presented here, as the IJ explicitly conducted the particularly serious crime determination and the BIA adopted and affirmed her decision under *Matter of Burbano*. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc). We review the IJ's decision for an abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam).

The Attorney General recognized the very rare possibility that a drug trafficking offense may not qualify as a particularly serious crime in *Matter of Y–L–*. *See* 23 I. & N. Dec. at 276–77. There is a strong presumption that drug trafficking offenses constitute particularly serious crimes but, under *Matter of Y–L–*, an exception to this presumption exists in rare cases where an alien makes, at a minimum, a showing that six factors rendered his drug trafficking offense insufficiently serious to constitute a particularly serious crime. *See id.* at 275–77.

2

Because the government conceded at oral argument that this case should be analyzed under *Matter of Y–L–*, the IJ abused her discretion by failing to consider the *Matter of Y–L–* factors and a remand is required to allow the IJ to determine in the first instance whether Aguiluz-Pineda's application should get the benefit of the *Matter of Y–L–* exception. We therefore grant Aguiluz-Pineda's petition for review and remand for application of *Matter of Y–L–*.

**PETITION FOR REVIEW GRANTED; REMANDED.**