**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA ERIKA MONREAL DE LEON, AKA Gloria Erika Deleon, AKA Gloria Erika Monreal, | No. 18-71853 |
| Petitioner, | Agency No. A074-792-890 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 2, 2019
San Francisco, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and CHOE-GROVES,** Judge.

Gloria Monreal De Leon ("Monreal") petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal and denying her

motion to remand. The BIA issued a *Burbano* affirmance of the immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

judge's ("IJ") ruling ordering that Monreal be removed to Mexico and adopted the IJ's adverse credibility finding. We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the IJ's decision, we review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We deny the petition for review.

**1.** We first reject Monreal's contention that the IJ erred by considering her fraud-related criminal history in making the adverse credibility finding. There is record evidence, including Monreal's own testimony, that Monreal suffered a forgery conviction. The agency did not err in concluding that such a conviction was a sufficient basis to discredit her testimony.[1] *Unuakhaulu v. Gonzales*, 416 F.3d 931, 938 (9th Cir. 2005). Once Monreal's testimony was discredited, there was no evidence to support her claim regarding the time, place, and manner of her entry. In the absence of credible testimony, Monreal's claim fails.

**2.** The BIA did not abuse its discretion in denying the motion to remand for consideration of Monreal's application for cancellation of removal. Monreal failed to provide any evidence of good moral character and thus did not make out a prima

---

[1] We do not address whether Monreal's shoplifting convictions, standing alone, would support the adverse credibility finding.

2

facie case of eligibility for cancellation of removal.  8 U.S.C. § 1229b(b)(1).

**PETITION FOR REVIEW DENIED.**