NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| YAN LUO; et al., | No.    18-71138 |
| Petitioners, | Agency Nos.    A208-729-688 |
| v. | A208-729-689 |
|  | A208-729-690 |
| WILLIAM P. BARR, Attorney General, |  |
|  | MEMORANDUM* |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020**
Honolulu, Hawaii

Before:  OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Petitioner Yan Luo petitions for review of a decision of the Board of

Immigration Appeals ("BIA") affirming a denial by an Immigration Judge ("IJ") of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her claim for asylum[1] on behalf of herself and her two minor children arising out of Luo's contention that she was forcibly sterilized by Chinese authorities. Luo and her children are Chinese nationals and citizens. Zhiping Li, Luo's boyfriend and the children's father, testified in support of Luo's application at the hearing before the IJ. We deny the petition for review.

Substantial evidence supports the agency's[2] adverse credibility determination. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (explaining that, in applying the substantial evidence standard, "[w]e reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that he was not credible'" (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003))). The record supports the IJ's finding that Luo and Li gave inconsistent testimony as to how Li learned of the birth of their son while Luo was staying with her parents. The record also supports the IJ's finding that Luo gave inconsistent or evasive testimony in answering the IJ's questions about why she had an original copy of another family's household register that

---

[1] Luo also sought withholding of removal and protection under the Convention Against Torture, but her petition for review does not raise those claims.

[2] "Where, as here, the [BIA] incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We refer to the BIA and the IJ collectively as "the agency."

named her daughter. The IJ gave Luo an opportunity to explain both apparent discrepancies, but her explanation failed to reconcile the accounts or otherwise give a "reasonable and plausible explanation" for their divergences. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (quoting *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009)).

These inconsistencies were material and non-trivial, *see id.*, and the record supports the IJ's conclusion that Luo was evasive in response to the questioning about the household register, *see Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014). Under the totality of the circumstances, there was a sufficient basis for the IJ's adverse credibility finding. *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011). The remaining evidence in the record does not compel a contrary conclusion. *Rizk*, 629 F.3d at 1087. In the absence of her discredited testimony, Luo cannot meet her burden of establishing past persecution or a well-founded fear of future persecution on a protected ground for purposes of asylum. *See* 8 C.F.R. § 1208.13(b). We therefore uphold the agency's determination that Luo is not eligible for asylum.

**PETITION DENIED.**