NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN DE JUAN Y JUAN; MARIA INEZ
JUAN FRANCISCO; ELOISA LESVI
JUAN FRANCISCO; FRANCISCO
ESTEBAN SANTOS,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 21-942

Agency Nos.   A201-281-490
              A209-793-657
              A209-168-740
              A209-793-656

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Pasadena, California

Before: GILMAN,[***] FORREST, and H.A. THOMAS, Circuit Judges.

Juan de Juan y Juan (Juan), a native and citizen of Guatemala, and his

derivative beneficiaries (his wife, Santos Francisco Esteban, and their minor

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

children) petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal from an order of an Immigration Judge (IJ) denying their consolidated applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and also provides its own review of the evidence and law, we review both the IJ's and BIA's decisions." *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020) (citation omitted). We review the agency's factual findings—including adverse credibility determinations—concerning the denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022).

The agency found not only that Juan lacked credibility and could not sustain his burden of proof, but it also provided alternative, independently sufficient reasons for denying each of his claims, even assuming the truth of Juan's testimony. Specifically, the agency concluded that Juan's asylum application was time-barred; that his withholding claim failed for lack of a well-founded fear of persecution and the absence of any nexus to any cognizable particular social group (or any other protected ground); and that he failed to establish the requisite likelihood of torture, or government acquiescence or consent in such torture, for CAT relief. Because Petitioners do not address these dispositive issues "with any specificity in [their] briefs," they have abandoned

their claims for asylum, withholding, and CAT relief before this court. *Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015).[1]

Even if Petitioners had not abandoned their claims by failing to address these dispositive holdings, their claims would still fail because the agency's adverse credibility determination was supported by substantial evidence, as was the agency's finding that the Petitioners' corroborating evidence was inconsistent and insufficient to carry their burden. The IJ identified numerous material inconsistencies in Juan's testimony, provided him an adequate opportunity to explain them, and sufficiently considered his explanations before rejecting them. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021); *Li v. Holder*, 738 F.3d 1160, 1166 (9th Cir. 2013). Taking "the totality of the circumstances into account," substantial evidence supports the agency's dispositive adverse credibility determination. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021).

The petition for review is **DENIED.**

---

[1] In addition, Petitioners do not address the BIA's analogous conclusion that Petitioners waived any challenge to the denial of Juan's asylum and withholding claims before the agency by failing to "contest these issues except in the most general of terms."