**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAO HUA DUAN, | No. 08-72884 |
| Petitioner, | Agency No. A099-587-314 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| YAO HUA DUAN, | No. 09-72511 |
| Petitioner, | Agency No. A099-587-314 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued June 12, 2013 and Submitted December 18, 2013
San Francisco, California

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and SINGLETON, Senior District Judge.**

Yao Hua Duan, a Chinese citizen, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) found Duan's testimony "inconsistent, implausible, and evasive," and the BIA affirmed, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), thus adopting the IJ's adverse credibility determination. *See Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011). Duan also petitions for review of the BIA's decision denying her motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

1. The adverse credibility determination was supported by substantial evidence in the record. There were numerous inconsistencies between Duan's applications and her testimony regarding the alleged incidents that formed the basis for her applications. 8 U.S.C. § 1158(b)(1)(B)(iii); *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (holding that "inconsistencies regarding events that form the basis of

---

** The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

2

the asylum claim are sufficient to support an adverse credibility determination").[1]

2. *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), does not compel a contrary result. Here, unlike *Ren*, the adverse credibility determination was based on substantial evidence before the IJ, and we do not rely on an alternative holding by the IJ denying relief because of a failure to provide corroboration. *See id*. at 1089–93.

3. The BIA did not abuse its discretion in denying Duan's motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). The motion did not allege errors of fact or law, but instead was based on new evidence. The BIA properly construed the motion to reconsider as a motion to reopen, and thus did not abuse its discretion in denying the motion as untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2).

**DENIED.**

---

[1] We do not endorse, however, the IJ's statement that an educated Chinese woman must have known that her country's one-child policy violated her human rights. That finding finds no support in the record evidence.