**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE ALBERTO ARMAS-BARRANZUELA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 10-70803 <br><br> Agency No. A094-812-114 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2013
San Francisco, California

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Jose Alberto Armas-Barranzuela ("Armas" or "Petitioner") seeks review of a

final order of the Board of Immigration Appeals ("Board") affirming the Immigration

Judge's ("IJ") denial of his motion to suppress evidence of alienage and to terminate

proceedings, and entering an administratively final removal order.   We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition, reverse the Board's denial of the motion to suppress, and remand with instructions.

## STANDARD OF REVIEW

We review the agency's legal analysis de novo.[1] *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). Where, as here, the Board affirms the IJ, cites to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and supplements with its own reasoning, we review both the Board's and the IJ's decision. *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011).

## DISCUSSION

The exclusionary rule applies in immigration court only to evidence seized in connection with a Fourth Amendment violation that is an "egregious" one in which a government agent deliberately committed the violation or did so by conduct a reasonable officer should have known would violate the Constitution. *Lopez-Rodriguez*, 536 F.3d at 1015–16.

Before taking an individual into custody, an immigration officer must be able to "articulate objective facts providing a reasonable suspicion that the subject of the seizure was an alien illegally in this country." *Orhorhaghe v. I.N.S.*, 38 F.3d 488, 497

---

[1] We refer to the Board and IJ collectively as "the agency."

(9th Cir. 1994) (quoting *Benitez-Mendez v. I.N.S.*, 760 F.2d 907, 909 (9th Cir. 1983) (internal brackets omitted)); *see also* 8 C.F.R. § 287.8(c)(2)(i) (2013) (requiring immigration officers to have a "reason to believe that the person to be arrested . . . is an alien illegally in the United States."). The specific, articulable facts "must provide a 'rational basis for separating out the illegal aliens from American citizens and legal aliens.'" *Orhorhaghe*, 38 F.3d at 497 (quoting *Nicacio v. I.N.S.*, 797 F.2d 700, 705 (9th Cir. 1985)).

The agency reasoned that *Orhorhaghe* is distinguishable because Armas was lawfully arrested by the San Francisco Police. However, Petitioner does not complain his *initial* arrest violated the Fourth Amendment, but rather his *federal* arrest occurred only because federal officials egregiously violated the Fourth Amendment, and the fruit of that violation should be suppressed. On this record, we agree.

Agent Lawton's justification for issuing the detainer against Armas falls short of *Orhorhaghe*'s requirement that immigration officials, prior to making an arrest, make some effort to determine not only an individual's citizenship, but also whether the individual is lawfully present in the United States. 38 F.3d at 497. Even the agency's own regulation, 8 C.F.R. § 287.8(c)(2)(i), imposes this duty on immigration officials. At the time of Petitioner's arrest, these authorities would have put a reasonable officer on notice that Petitioner's seizure violated the Fourth Amendment,

3

and that is all that is required under our case law to trigger the exclusionary rule in immigration court.

We therefore grant the petition for review and reverse the agency's denial of Armas's motion to suppress and terminate. We remand to the agency with instructions to grant the motion to suppress and to terminate removal proceedings.

**PETITION GRANTED. REMANDED WITH INSTRUCTIONS.**