NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BILLA SINGH,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 20-70282<br><br>Agency No. A089-650-532<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2021**
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

 Billa Singh, a native and citizen of India, petitions for review of an order of

the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision

of an Immigration Judge ("IJ") pretermitting his application for adjustment of

status and denying his application for protection under the Convention Against

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). "We review findings of fact for substantial evidence and questions of law de novo." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1121 (9th Cir. 2010) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.       Singh's petition for review fails to address how the BIA erred in finding that he forfeited on appeal any challenge to the IJ's decision that he had failed to timely file all necessary documents in support of his application for adjustment or prove he had paid the filing fee. In his opening brief, Singh merely states that he "filed an attachment with Notice to Appeal, brief with the BIA[,] . . . and supplemental brief with additional evidence that BIA failed to consider." Because Singh failed to "specifically and distinctly argue[]" the issue in his petition for review, he has forfeited it. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (cleaned up).

2.       Substantial evidence supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of "a public official . . . or other person acting in an official capacity" if returned to India. *See* 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1). Where the BIA adopts the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), "we review the IJ's decision as if it were the BIA's." *Cortez-Pineda*, 610 F.3d at 1121. Singh argues that the IJ erred by not

2

considering that the police were unwilling to help him in the past and points to his testimony regarding comments made by the police. However, the IJ considered all the evidence in the record, found that Singh's testimony was only "marginally credible," and noted that general country conditions reports did not indicate that Singh would be tortured if returned to India. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (affirming the BIA when petitioner's testimony was found not credible and general reports did not compel the conclusion that the petitioner "would be tortured if returned"). This record does not compel the conclusion that Singh would be tortured if returned. *See id*. None of Singh's other arguments have merit.

Petitioner's motion for stay of removal (Docket Entry No. 16) is denied effective on the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**