**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Christian Giovanni Garfias-Mendoza, | No. 21-659 |
| Petitioner, | Agency No.    A046-673-239 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023**
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Christian Giovanni Garfias-Mendoza, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an order of an immigration judge denying his application for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the Board adopts and affirms the immigration judge's order under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and expresses no disagreement with the immigration judge's decision, we review the immigration judge's order as if it were the Board's. *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review the decisions for substantial evidence and will not disturb the agency's factual findings unless the record compels a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

1. Substantial evidence supports the agency's finding that Garfias-Mendoza failed to establish eligibility under CAT. Garfias-Mendoza relies exclusively on general country conditions evidence of cartel violence and corruption in Mexico to establish government acquiescence. Although the submitted reports describe widespread violence throughout Mexico and general ineffectiveness by the Mexican government to address it, they do not prove that the Mexican government would acquiesce in the torture of its citizens at the hands of cartels. *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022); *see Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). The reports also demonstrate that the Mexican government has "taken steps to combat [cartel] violence," and even though "these steps have not achieved the desired goals," they do not compel a finding of government acquiescence. *Garcia-Milian*, 755 F.3d at 1035.

21-659

Therefore, we uphold the agency's denial of relief.

2. Contrary to Garfias-Mendoza's argument, the agency was not required to assess the likelihood of torture by cartels. Garfias-Mendoza failed to establish state action, and that alone forecloses CAT relief. *Garcia-Milian*, 755 F.3d at 1035; *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). As a result, we need not consider whether the agency failed to assess the aggregate likelihood of torture from all sources, including any risks Garfias-Mendoza may face as a returning deportee. In any event, the Board expressly said that Garfias-Mendoza "has yet to identify the objective evidence in the record that would establish the required likelihood of future torture in Mexico." He does not acknowledge or meaningfully challenge that conclusion.

3. Garfias-Mendoza criticizes the agency's alternative ground for denying relief: that Garfias-Mendoza could relocate to a different part of Mexico where he is unlikely to be tortured. Because the lack of government acquiescence forecloses Garfias-Mendoza's claim, we need not consider that issue.

The motion to stay removal (Dkt. No. 2) is denied. The temporary stay of removal is lifted.

**PETITION DENIED.**