NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS EDUARDO POZ-VELAZQUEZ, | No. 22-343 |
| Petitioner, | Agency No. A208-170-639 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2023[**]
San Francisco, California

Before: FLETCHER, CALLAHAN and LEE, Circuit Judges.

Eduardo Luis Poz-Velazquez, a citizen of Guatemala, petitions for review of

a decision by the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) denial of his application for asylum, withholding of removal and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

"We review de novo both purely legal questions and mixed questions of law and fact." *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021). "We review factual findings for substantial evidence" and will uphold them unless the evidence compels a contrary result. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). "Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the IJ's decision, we review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). The availability of collateral estoppel is a mixed question of law and fact that we review de novo. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).

Poz-Velazquez makes three arguments on appeal: (1) the doctrine of collateral estoppel bars denial of his application for asylum; (2) an anti-gang sentiment is a cognizable political opinion; and (3) the IJ misread his proposed particular social group (PSG) "school children who were or have been targeted by drug traffickers/gang members in the [Petitioner's] hometown or area in Guatemala *to sell* the poppies grown there" and that this group is a valid PSG. His arguments are not persuasive.

**1.** "[T]he doctrine of collateral estoppel (or issue preclusion) applies to an administrative agency's determination of certain issues of law or fact involving the same alien in removal proceedings." *Oyeniran*, 672 F.3d at 806; *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 57 (BIA 1984). Collateral estoppel applies when four conditions are met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran*, 672 F.3d at 806 (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

Petitioner argues that because his brother (with allegedly identical circumstances not in the record) received relief, the IJ was estopped from denying his asylum application. The brother appears to have been granted asylum under the Trafficking Victims Protection Reauthorization Act (TVPRA). Petitioner has not presented any caselaw that shows a TVPRA decision from the asylum office is considered a judgment to which collateral estoppel can apply. Assuming arguendo that collateral estoppel could apply to this proceeding, Petitioner's argument still fails because there is no evidence in the record indicating identical facts were at issue in his brother's case. Insofar as Petitioner raises an equal protection issue, "the fact that he received a different decision than did another alien does not raise an equal protection issue." *Berroteran-Melendez v. I.N.S.*, 955 F.2d 1251, 1258

3

(9th Cir. 1992). Thus, collateral estoppel does not preclude denial of Petitioner's application for asylum in the present case.

2. "[A]n asylum applicant must satisfy two requirements in order to show that he was persecuted 'on account of' a political opinion. First, the applicant must show that he held (or that his persecutors believed that he held) a political opinion. Second, the applicant must show that his persecutors persecuted him (or that he faces the prospect of such persecution) because of his political opinion." *Navas v. INS*, 217 F.3d 646, 656 (9th Cir. 2000) (internal citations omitted).

The IJ found that Petitioner failed to show "he was or would be targeted by gang members as a result of an implied political opinion . . ." because Petitioner did not "identif[y] any political opinion in any evidence of record, other than testifying that he objected to selling drugs for the gang members." Petitioner argues his resistance constitutes a political opinion.

However, while anti-gang resistance can form the basis for an asylum claim, *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), Petitioner did not take concrete steps to oppose gangs sufficient to support a finding of persecution on account of his political opinion. *See Soriano v. Holder*, 569 F.3d 1162, 1165 (9th Cir. 2009) (finding informing the police about gang activities insufficient to show actual or imputed political opinion) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013); *see also Matter of S-E-G-*, 24 I. &

N. Dec. 579, 589 (BIA 2008) ("[R]espondents did not establish what political opinion, if any, they held, and they have provided no evidence, direct or circumstantial, that the MS-13 gang in El Salvador imputed, or would impute to them, an anti-gang political opinion.").[1]

**3.** A PSG is "(1) a group composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020 (internal quotations and citations omitted).

Contrary to Petitioner's claim, the IJ did not misread counsel's proposed social group when it stated, "school children who were or have been targeted by drug traffickers/gang members in the [Petitioner's] hometown or area in Guatemala *to see* the poppies grown there." Based on language from the IJ's decision, it is apparent that the IJ understood Petitioner's proposed group included children targeted *to sell* drugs when she wrote, "[Petitioner] objected to selling drugs for the gang members." The typo in the IJ's decision does not undermine the IJ's determination.

---

[1] The IJ also found that he did "not suffer harm that compels a finding of persecution" which Petitioner does not challenge. Regardless of Petitioner's assertion he suffered harm on account of a protected ground, without actual persecution, Petitioner's claim fails. *Navas*, 217 F.3d at 656.

In either case, the IJ's rationale withstands review. The IJ relied on the BIA's holding that "a social group cannot be defined exclusively by the harm suffered." (citing *Matter of W-G-R-*, 26 I. & N. Dec. 208, 218 (BIA 2014)). Whether the IJ understood counsel's argument as "*to sell*" or "*to see*," counsel's proposed social group is still defined by the harm suffered — children targeted to do X for the gang. Thus, school children who were or have been targeted by drug traffickers/gang members in the Petitioner's hometown or area in Guatemala to sell *or* to see the poppies grown there do not constitute a PSG. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 862 ("[W]e hold that young Honduran men who have been recruited by gangs but refuse to join do not constitute a particular social group.") *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1093.

Because the doctrine of collateral estoppel is inapplicable in this case, and because there is no error in the agency finding that Petitioner failed to show persecution on account of a protected ground, Petitioner's appeal is unpersuasive. Nothing in the record compels a reversal of the BIA's decision. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017).

The petition is **DENIED**.