**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ELVIA LETICIA LOPEZ-DELGADO; JOHNNY MAIKEL PEREZ-LOPEZ, | No. 23-2130 |
| | Agency Nos. |
| Petitioners, | A220-490-435 |
| | A220-490-436 |
| v. | |
| | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024[**]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Petitioners Elvia Leticia Lopez-Delgado and Johnny Maikel Perez-Lopez

(collectively, "Petitioners") are mother and son, respectively, who are natives and

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

citizens of Guatemala. Petitioners seek review of a dismissal of their appeal by the Board of Immigration Appeals ("BIA"). An immigration judge ("IJ") denied their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and "also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (cleaned up). We review legal questions de novo and factual findings for substantial evidence. *Id.* We review de novo determinations of whether a particular social group ("PSG") is cognizable. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We review for substantial evidence factual findings underlying whether an applicant was persecuted on account of a protected ground. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021).

1. The IJ and BIA's denial of asylum and withholding of removal is supported by a lack of a cognizable group and nexus. Generally, business ownership is not immutable. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005) (holding that "a social group comprised of business owners in Colombia" was not a cognizable PSG because members did not share an "innate characteristic"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707

2

F.3d 1081 (9th Cir. 2013) (en banc); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021) ("[B]eing a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity."). Petitioners fail to cite any testimony or evidence to demonstrate that Lopez-Delgado has specialized skills that make her proposed PSG distinct from other business owner groups that this court has rejected. Even if the proposed PSG of "business owners in Guatemala" was cognizable, substantial evidence supports the IJ's determination that there was a lack of nexus as the threats involved a demand for money and not any attempt to target Lopez-Delgado based on her PSG membership.

2. In their petition, Petitioners argue that the IJ should have "develop[ed] additional further grounds" for Petitioners to attain eligibility for immigration relief. For example, Petitioners argue that a remand is necessary because the IJ "did not inquire into other relevant particular social groups such as delineating her group further by gender." However, Petitioners—who were represented by counsel before the BIA—did not raise this argument before the BIA. As such, the argument is waived for not being exhausted.[1] *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Exhaustion requires a non-constitutional legal

---

[1] As this argument and the ones further discussed in this memorandum disposition were waived, this court need not reach the merits of these issues.

3

claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." (cleaned up)).

3. Petitioners fail to advance substantive arguments about why substantial evidence does not specifically support the agency's denial of CAT relief. As such, Petitioners have "waived any argument as to [their] CAT claim by failing to 'specifically and distinctly' discuss the matter in [their] opening brief." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (citation omitted).

4. Petitioners did not exhaust their argument that the IJ erred in failing to independently examine Perez-Lopez's claims for relief. Petitioners failed to make this argument before the BIA and thus waived it. *See Umana-Escobar*, 69 F.4th at 550.

**PETITION DENIED.**