**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JINXUE LU,

    Petitioner,

 v.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

No. 23-4178

Agency No.
A208-429-134

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 24, 2024
San Francisco, California

Before: S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.

 Jinxue Lu ("Lu"), a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

Immigration Judge's ("IJ") denial of Lu's applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Where,

as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

provides its own reasoning, "we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252. We deny Lu's petition for review.

Substantial evidence supports the agency's adverse credibility determination. The agency provided "specific and cogent reasons" for its finding that Lu lacked credibility. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (citation omitted). The IJ properly considered the "totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii), and rested his determination on permissible grounds: (1) Lu's inconsistent testimony about whether he was fined or faced other consequences as a result of the birth of his first child; (2) Lu's voluntary return to China after traveling abroad; and (3) Lu's implausible and insufficiently corroborated timeline of events. Because "[t]hese credibility findings went to key elements" of Lu's applications for asylum, withholding of removal, and protection under CAT, "[w]e must defer to the IJ's credibility findings and uphold the denial of [these forms of] relief." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**[1]

---

[1] Lu's Motion to Stay Removal (Dkt. No. 2) is denied as moot.

23-4178