NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE FRANCIS MENGUITO MONTERDE,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-2450<br><br>Agency No.<br>A087-171-123<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025**
Submitted June 6, 2025

Before: BOGGS,*** FRIEDLAND, and BRESS, Circuit Judges.

Eugene Francis Menguito Monterde, a native and citizen of the Philippines,

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

his appeal from an Immigration Judge (IJ) order denying his application for cancellation of removal. "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's conclusion that Monterde's qualifying relatives, his two United States citizen children, would not experience "exceptional and extremely unusual hardship" upon Monterde's removal from the United States, and that Monterde is therefore ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To demonstrate the required hardship, an alien must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]." *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *8 (quoting *In re Monreal-*

*Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's hardship determination for substantial evidence. *See id.* at *7. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence supports the agency's determination that Monterde did not demonstrate the required hardship for purposes of cancellation of removal. Monterde testified that his family would accompany him to the Philippines in the event of his removal. The agency found that Monterde could find housing and work in the Philippines, that his children could adapt, and that the evidence did not show that his older child would face greater risk in the Philippines due to his peanut allergy. The agency also found that Monterde did not show that any of his children's medical or schooling needs could not be met in the Philippines. Given these findings, the record does not compel the conclusion that Monterde's children would experience exceptional and extremely unusual hardship in the event of his removal. *See Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *9 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

2. Monterde argues that the agency violated his due-process rights by not

expressly discussing his fear of returning to the Philippines. But the agency is not required to "discuss each piece of evidence submitted," and when the record does not reflect "a failure to consider all the evidence, a 'general statement that [the agency] considered all the evidence before [it]' may be sufficient." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (alteration in original) (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006)); *see also id.* at 772 ("[W]here potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence."). There is no indication that the IJ did not consider Monterde's testimony on this point or that this testimony would change the result in his case.

3. The BIA did not abuse its discretion in declining to remand for consideration of Monterde's additional country-conditions evidence. A motion to remand, like a motion to reopen, is reviewed for abuse of discretion. *Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024); *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). To succeed, a petitioner must show a "reasonable likelihood" that he "would prevail on the merits" if the motion were granted. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). Monterde's additional evidence did not show that his older child would be unable to obtain medical treatment or schooling in the Philippines, and it thus did not materially affect Monterde's eligibility for cancellation of removal.

4. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 3) is otherwise **DENIED**.

**PETITION DENIED.**