NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BIATO RODEL OVALLE-BAMACA,

　　　　　Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

　　　　　Respondent.

No. 25-3072

Agency No.
A206-237-138

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.
Concurrence by Judge VANDYKE.

　　Biato Rodel Ovalle-Bamaca petitions for review of the Board of

Immigration Appeals' ("BIA's") decision affirming an Immigration Judge's

("IJ's") decision denying his applications for cancellation of removal, asylum,

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review legal questions de novo, *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018), and factual determinations and "fact-intensive mixed questions" for substantial evidence, *Ruiz v. Bondi*, 163 F.4th 586, 592, 599 (9th Cir. 2025) (citation omitted). We deny the petition.

1.     The agency did not err in concluding that Ovalle-Bamaca is ineligible for cancellation of removal for failing to demonstrate "exceptional and extremely unusual hardship" to a qualifying family member. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025) (applicant must demonstrate "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence" (quoting 8 U.S.C. § 1229b(b)(1))). The agency's "exceptional and extremely unusual hardship" determination is a mixed question we review for substantial evidence. *Id.* at 1003. The BIA concluded that the hardship Ovalle-Bamaca's qualifying minor children would face that would result from relocating to Guatemala and being uprooted from their schools and community, although "significant and possibly extreme," is "neither . . . exceptional nor unusual." Substantial evidence supports this determination. *See id.* at 1007–08 (hardship to minor children resulting from relocation to Mexico,

2           25-3072

where they could face "high levels of crime and violence," "lost educational opportunities," difficulty due to "lack of fluency in Spanish," and "separation from their older sister" in the United States, was not "exceptional" or "extremely unusual" hardship because such hardship is present in "a large proportion of removal cases").

2.     The agency did not err in finding that Ovalle-Bamaca's application for asylum was untimely and ineligible for an exception to the one-year filing rule based on "changed circumstances" in Guatemala.

First, we have jurisdiction to review the agency's "changed circumstances" determination because it presents a mixed question of fact and law.  Under § 1158(a)(2)(D), the agency may consider an untimely asylum application if the applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."  8 U.S.C. § 1158(a)(2)(D).  In *Ruiz*, we held that the "extraordinary circumstances" exception under the same statutory provision presents a mixed question of law and fact that we have jurisdiction to review.  163 F.4th at 599.  Because the "changed circumstances" and "extraordinary circumstances" provisions are "parallel" and "analogous" exceptions provided for in the same statute, *Husyev v. Mukasey*, 528 F.3d 1172, 1178, 1180 (9th Cir. 2008),

*abrogated on other grounds by Ruiz*, 163 F.4th at 593, the reasoning of *Ruiz* applies equally here.

On the merits, substantial evidence supports the agency's determination that Ovalle-Bamaca failed to demonstrate changed circumstances. Ovalle-Bamaca argued that, since he left Guatemala in 1995, Guatemala has fallen under the control of a mafia and "threats [were] made against his father in Guatemala" beginning in November 2017. The IJ determined that Ovalle-Bamaca failed to present sufficient evidence that a mafia controls Guatemala. The BIA agreed without additional analysis. Accordingly, "we review the decisions of both the BIA and the IJ to the extent that the BIA agreed with the IJ's conclusions." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (citation modified). Here, the record does not "compel[] a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

3. The agency did not err in denying Ovalle-Bamaca's claim for withholding of removal on the ground that he failed to administratively exhaust the claim. An applicant's failure to raise an issue to the BIA generally constitutes a failure to exhaust. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021); 8 U.S.C. § 1252(d)(1). Ovalle-Bamaca argues that he adequately raised the issue in his appeal to the BIA because he stated in his notice of appeal: "[Ovalle-Bamaca] appeals the immigration judge's denial of his application for withholding

of removal, as [Ovalle-Bamaca] met his burden to prove a clear probability that he will suffer future persecution if removed to Guatemala." This cursory statement was not "sufficient to put the BIA on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (a general, nonspecific challenge is insufficient). Ovalle-Bamaca further argues that the BIA adopted the IJ's entire decision because it cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and it therefore adequately considered his withholding argument. *See Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010) (issue is properly exhausted when it was presented to the IJ, and the BIA affirmed citing *Matter of Burbano*). But here, the BIA "constrict[ed] the scope" of its adoption of the IJ's decision by "specifically stat[ing]" that it adopted the IJ's decision only with respect to cancellation of removal (and not withholding of removal). *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

    4. Finally, the agency did not err in denying Ovalle-Bamaca's claim for CAT relief on the ground that he did not show that the Guatemalan government would consent to or acquiesce in harming him. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (under CAT, torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" (quoting 8 C.F.R. § 1208.18(a)(1))). The record does not compel a finding of government

acquiescence.  Ovalle-Bamaca argues that the agency failed to consider evidence that his nephew was murdered.  However, Ovalle-Bamaca also does not explain how that evidence is "highly probative or potentially dispositive" such that it would change the agency's conclusion if expressly considered.  *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).

**PETITION DENIED.**[1]

---

[1] The motion to stay removal (Dkt. 7) is denied.  The temporary stay of removal remains in place until the mandate issues.

25-3072

*Ovalle-Bamaca v. Blanche*, No. 25-3072
VANDYKE, Circuit Judge, concurring:

For the reasons stated in *Rojas-Espinoza v. Bondi*, 167 F.4th 1069, 1077–78 (9th Cir. 2026) (VanDyke, J., dissenting from the grant of rehearing en banc)—and because Petitioner showed no likelihood of success on the merits—I would not leave the temporary stay of removal in place.

1