NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YINGHUAN ZHI; T. Z.; S. Z.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-3484

Agency Nos. A241-150-147
A241-150-148
A241-150-149

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026[**]
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.[***]

Petitioners Yinghuan Zhi and his minor children T.Z. and S.Z., citizens of

China, petition for review of a decision of the Board of Immigration Appeals

("BIA") dismissing their appeal of an order of an Immigration Judge ("IJ")

denying Zhi's application for asylum, withholding of removal, and protection

under the Convention Against Torture ("Torture Convention").[1]  We have

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  See FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] The child Petitioners did not file separate applications for relief but are instead

jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. Where, as here, the BIA expressly adopts the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and adds reasoning of its own, we review both decisions. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review legal questions de novo and the agency's factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for asylum or withholding of removal, an applicant must show a "nexus" between past or feared future harm and "a protected ground," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), and "political opinion" is one such protected ground, 8 U.S.C. § 1101(a)(42)(A); *see also id*. § 1231(b)(3)(A). Reviewing for substantial evidence, *see Urias-Orellana v. Bondi*, 607 U.S. 537, 539 (2026), we agree with the agency's conclusion that the initial 10-hour custody that Zhi endured after his "argument with authorities over the cause of his wife's death," which included a 10-minute beating that did not result

---

listed as derivative beneficiaries on Zhi's application for asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Torture Convention "may not be derivative").

in any serious injuries, did not rise to the level of persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm.") (citing, *inter alia*, "*Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) ('Gu was detained and beaten on only one occasion, . . . [and] did not require medical treatment.')"). Substantial evidence, including Zhi's own testimony, supports the agency's further conclusion that Zhi's subsequent "quarantine[] for seven days" was due to China's then-strict Covid protocols and not to any political opinion of Zhi. Given these two holdings, the agency properly concluded that Zhi had failed to establish any nexus between his asserted political opinion and any persecution by Chinese officials. The agency also properly concluded that Zhi had not established a well-founded fear of future persecution. As the agency explained, China's Covid protocols are no longer in place, and any feared future prosecution attributable to Zhi's previous failure to comply with requirements to report periodically with the police would not amount to persecution. *See Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) (holding that "[o]rdinary prosecution for criminal activity is not persecution").

Substantial evidence supports the agency's denial of Torture Convention relief. The agency reasonably concluded that Zhi's beating and quarantine did not amount to torture. *See* 8 C.F.R. § 1208.18(a) (requiring "extreme" or "severe"

3

suffering to constitute "torture"); *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (holding that repeated physical beatings did not constitute "torture"). Although Zhi's country conditions evidence shows that multiple human rights issues persist in China, the agency permissibly concluded that Zhi did not face a particularized threat of torture by any government official. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (holding that general country conditions evidence fails to establish "a particularized, ongoing risk of future torture").

We reject Zhi's contention that the agency failed to consider all relevant evidence in denying Torture Convention relief. The IJ specifically stated that "[r]egardless of whether the Court further mentions any of the foregoing exhibits, it should be noted the Court considered all exhibits in their entirety prior to reaching a decision." The agency "does not have to write an exegesis on every contention." *Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012) (citation omitted).

**PETITION DENIED.**