NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAKHBEER SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-20

Agency No.
A209-937-412

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 4, 2024
San Francisco, California

Before: M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Lakhbeer Singh, a native and citizen of India, petitions for review of an

order from the Board of Immigration Appeals ("BIA") dismissing his appeal of an

order from an Immigration Judge ("IJ") denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. When the BIA adopts the IJ's decision

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and offers

additional reasoning, we review both decisions. *Husyev v. Mukasey*, 528 F.3d 1172,

1177 (9th Cir. 2008). We review factual findings for substantial evidence. *Garcia v.

Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citing *Shrestha v. Holder*, 590 F.3d

1034, 1048 (9th Cir. 2010)). We deny the petition.

Substantial evidence supports the denial of asylum and withholding of

removal. When an asylum applicant establishes past persecution, the government

may rebut the resulting presumption of future persecution by showing that "[t]he

applicant could avoid future persecution by relocating to another part of the

applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(B). The internal

relocation analysis has two steps: "(1) 'whether an applicant could relocate safely,'

and (2) 'whether it would be reasonable to require the applicant to do so.'" *Singh v.

Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (quoting *Afriyie v. Holder*, 613 F.3d

924, 934 (9th Cir. 2010) *overruled on other grounds by Bringas-Rodriguez v.

Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc)). The IJ and BIA properly

discounted both Singh's testimony and his mother's unsworn statement that police

accused him of militancy. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006)

("[W]here an asylum applicant's testimony consists of hearsay evidence, the

statements by the out-of-court declarant may be accorded less weight by the trier of

fact when weighed against non-hearsay evidence."). The country conditions reports

in the record provide substantial evidence that Singh can safely and reasonably relocate within India, as he is not of interest to central authorities.

Substantial evidence also supports the denial of CAT protection. To qualify for CAT protection, an applicant must establish that, if removed, "it is more likely than not that he or she would be tortured" by or with the consent or acquiescence of a public official in the country of removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Singh argues only that the IJ and BIA failed to consider whether the police's militancy accusation will cause him to be tortured in the future. But because the IJ and BIA appropriately gave the militancy accusation little weight, *see Gu*, 454 F.3d at 1021, and the IJ expressly found that Singh was "not a hardcore militant," the country conditions reports provide substantial evidence that Singh is not likely to be tortured in the future. The record does not compel a contrary conclusion.

**PETITION DENIED.**