**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 15 2024

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HORACIO BUITRON VILCAPOMA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2488 <br><br> Agency No. A200-909-990 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2024**
Phoenix, Arizona

Before: DESAI and DE ALBA, Circuit Judges, and GUTIERREZ, District
Judge.***

 Petitioner Horacio Max Buitron Vilcapoma ("Petitioner"), a native and

citizen of Peru, seeks review of a decision by the Board of Immigration Appeals

---

 \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 \*\*\*   The Honorable Philip S. Gutierrez, United States District Judge for the Central District of California, sitting by designation.

("the Board") adopting and affirming an Immigration Judge's ("IJ") denial of Petitioner's application for withholding of removal and relief under the Convention Against Torture ("CAT"). When the Board adopts and affirms an IJ's ruling while citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we must "look through the [Board's] decision and treat the IJ's decision as the final agency decision for purposes of this appeal." *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review the IJ's factual findings for substantial evidence and its legal conclusions de novo. *Id.* We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

1. Substantial evidence supports the denial of Petitioner's application for withholding of removal because Petitioner did not show that he suffered past persecution or show by a clear probability that he will suffer future persecution if returned to his home country. *See Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021). A showing of past persecution entitles a petitioner to a presumption of future persecution. 8 C.F.R. § 208.16(b)(1). If a petitioner cannot show past persecution, he must show that it is more likely than not that he will face persecution if returned to his home country to qualify for withholding of removal. *See Kaiser v. Ashcroft*, 390 F.3d 653, 660 (9th Cir. 2004). Persecution is an "extreme concept" and not every form of abhorrent harassment or intimidation qualifies. *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003). "[S]ome

circumstances that cause petitioners physical discomfort or loss of liberty do not qualify as persecution, despite the fact that such conditions have caused the petitioners some harm." *Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004). Whether treatment qualifies as persecution is a fact intensive inquiry; we examine whether the individual experienced physical violence, detention, and threats of harm, among other factors, when making this determination. *Sharma v. Garland*, 9 F.4th 1052, 1061–63 (9th Cir. 2021). However, "cases with threats alone, particularly anonymous or vague ones, rarely constitute persecution." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Petitioner claims that he was threatened by Shining Path, a terrorist organization that operates in Peru. He discusses how Shining Path attempted to intimidate him and other members of his community into doing the group's bidding. Petitioner states that members of Shining Path told him that they were always watching him, and he would see what would occur if he disobeyed the organization. Though troubling, Petitioner never alleges that Shining Path ever physically harmed him. Nor does he mention any specific threats of harm or violence made by Shining Path towards him or his family. Vague threats like these rarely constitute persecution. Therefore, substantial evidence supports the IJ's determination that Petitioner did not suffer from past persecution.

Substantial evidence also supports the IJ's determination that Petitioner did

not establish a clear probability of future persecution. This is a very high burden and we have upheld a denial of withholding of removal on more egregious facts than those presented here. In *Kaiser*, for example, the petitioner was placed on a hit list, shot at on at least two occasions, fled the country, and was subject to death threats and a potential attempted kidnapping when he returned to his home country. 390 F.3d at 656. Even under those circumstances, we upheld the Board's determination that the petitioner did not show by a clear probability that he would face future persecution if returned to his home country. *Id.* at 660. Petitioner's situation, though troubling, is less severe than the petitioner's situation in *Kaiser*.

2.      Substantial evidence supports denial of relief under CAT. Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official . . . or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). To succeed on his CAT claim, Petitioner must show that it is "more likely than not that he . . . would be tortured if removed to the proposed country of removal." *Id.* § 208.16(c)(2). "Torture is 'more severe than persecution.'" *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)).

"Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter

breach his or her legal responsibility to intervene to prevent such activity." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (quoting 8 C.F.R. § 208.18(a)(7)). "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Id.* (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014)).

Petitioner does not allege any past suffering that would amount to torture. And although he recounts an incident that reflected police corruption, Petitioner does not claim that a public official ever attempted to harm him. Nor does Petitioner provide evidence that a public official would acquiesce to his torture if returned to Peru. Therefore, substantial evidence supports the denial of Petitioner's claim for relief under CAT.

**DENIED.**[1]

---

[1] Petitioner's motion to stay removal and supplemental motion to stay removal pending this Court's resolution of his petition for review is DENIED as moot.