**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENNAN DA SILVA VIEIRA; YASMIN
DIAS FERREIRA; SANTIAGO DIAS DA
SILVA,

                    Petitioners,

    v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No. 23-4065

Agency Nos.
A240-245-315
A240-245-316
A240-245-301

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024**
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Rennan Da Silva Vieira, his wife Yasmin Dias Ferreira, and their child

Santiago Dias Da Silva, natives and citizens of Brazil, petition for review of a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision by the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994),] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition.

Petitioners allege that members of the First Command of the Capital ("PCC"), a criminal gang in Brazil, assaulted Da Silva Vieira at the car repair shop that he managed because they mistakenly thought he was working for the police. A few days later, members of the PCC attacked Da Silva Vieira in his home, pointed a gun at him and his wife, and told him to leave the area. The BIA denied Petitioners' asylum and withholding of removal claims because it agreed with the IJ that, assuming Petitioners had established past persecution, the Government rebutted the presumption of future persecution by showing that Petitioners could relocate safely and reasonably within Brazil to avoid future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B) (asylum), 1208.16(b)(1)(i)(B) (withholding of

removal).  The BIA similarly denied Petitioners' CAT claims because it concluded that "internal relocation [wa]s possible and reasonable" and, therefore, Petitioners could avoid future torture.  *See* 8 C.F.R. § 1208.16(c)(3)(ii).

Substantial evidence supports the BIA's determination.  *See Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) ("Relocation analysis consists of two steps: (1) whether an applicant could relocate safely, and (2) whether it would be reasonable to require the applicant to do so." (citation and internal quotation marks omitted)).  Petitioners' evidence of country conditions shows that the PCC has a reduced presence in at least four Brazilian states, including Rio de Janeiro.  Relying in part on that evidence, the BIA determined that there are areas within Brazil where Petitioners could be safe from the PCC.  The record does not "compel[] a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)).  The record also supports the IJ's finding that by telling Da Silva Vieira to leave the area, the PCC indicated that they had "no continuing interest or desire to find [him], if he chose to leave the area."

Petitioners' primary argument on appeal is that relocation would have been unreasonable because their child was born prematurely and required extensive medical care.  But Da Silva Vieira testified before the IJ that the child had recovered and "now, he's a healthy baby."  Petitioners have not argued that their

child's medical condition affects their current ability to relocate within Brazil to avoid *future* persecution or torture. Petitioners also have not disputed the IJ's findings that the Brazilian government respects its citizens' freedom of internal movement; that Da Silva Vieira is young, with work history; or that Da Silva Vieira testified that he could find work in the automobile industry in Rio de Janeiro, which is one of the areas where the PCC does not operate. *See* 8 C.F.R. § 1208.13(b)(3) (outlining non-exhaustive factors "adjudicators should consider" in determining reasonableness of relocation). In light of those unchallenged findings, the BIA's determination that it would be reasonable for Petitioners to relocate internally is supported by substantial evidence.[1]

The petition for review is **DENIED**.[2]

---

[1] Because substantial evidence supports the BIA's reasonableness determination, we need not consider the Government's contention that reasonableness is not a requirement when analyzing relocation under CAT.

[2] The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal, Docket No. 6, is otherwise denied as moot.

23-4065