NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ROMALIA ROMERO VENTURA; WILSON HUMBERTO RAMIREZ ROMERO; DANY ESAU RAMIREZ ROMERO,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 24-13<br><br>Agency Nos.<br>A220-939-736<br>A220-939-737<br>A220-939-738<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.***

Maria Romalia Romero-Ventura and her two children petition for review of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

the Board of Immigration Appeals' (BIA) decision dismissing their appeal of the immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA cites [*In re Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we will reverse a factual finding only if "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal citations and quotation marks omitted).

1. ***Asylum and Withholding of Removal.*** Asylum applicants must demonstrate "[past] persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023) (quoting *Melkonian*

---

[1]Romero-Ventura's two children are derivative beneficiaries of their mother's asylum application, but they cannot assert derivative claims for withholding of removal or relief under the CAT. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

*v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003)).

Substantial evidence supports the BIA's conclusion that Romero-Ventura failed to establish past persecution. "We have been most likely to find persecution where threats are repeated, specific and 'combined with confrontation or other mistreatment.'" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)). While Romero-Ventura testified credibly that armed gang members threatened her at her home, she was only directly threatened once and was never physically harmed. The record does not compel a finding of past persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution.").

Substantial evidence also supports the BIA's decision that Romero-Ventura failed to establish a reasonable fear of persecution *on account of* a protected ground. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Romero-Ventura asserted she was persecuted based on her membership in three particular social groups: (1) Salvadoran women, (2) immediate family members of landowners, and (3) disabled children and their parents who care for them. The BIA did not address whether these groups are

3                                                            24-13

cognizable, and instead concluded that the IJ "correctly found that [Romero-Ventura] was targeted by the gangs for 'financial gain' and not because of her family membership, gender, or child's disability." *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (observing that where "there was no nexus at all," we draw "no distinction between the 'one central reason' phrase in the asylum statute and the 'a reason' phrase in the withholding statute"); *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004) (explaining that relief is precluded when persecution is "solely on account of an economic motive"). Substantial evidence in the record supports this conclusion.

2. ***CAT Claim.*** We also deny the petition for review as to CAT relief because Romero-Ventura failed to show that it is "more likely than not that . . . she would be tortured if removed" to El Salvador. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting 8 C.F.R. § 208.16(c)(2)). Romero-Ventura argues that the agency disregarded the psychological harm that she suffered because of the gang's threats. But both the IJ and BIA considered the gang threats made to Romero-Ventura and her family and concluded that the threats did not constitute past torture. "Torture is 'more severe than persecution.'" *Id.* at 1144 (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)). Given that Romero-Ventura was never physically harmed in El Salvador and was never threatened in Izalco, where her parents and sister have remained safely, the record does not compel the conclusion

that Romero-Ventura will more likely than not be tortured if she is removed to El Salvador. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 889–90, 893 (9th Cir. 2020) (upholding denial of CAT relief when the petitioner received prior death threats but was never physically harmed in Mexico, was never threatened in Mexico City, and "has family members who continue to live in Mexico City without issue").

**PETITION DENIED.**