NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CORINA MARITZA CRUZ PINEDA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1390

Agency No.
A094-829-648

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Corina Maritza Cruz Pineda, a native and citizen of El Salvador, petitions

for review of a decision of the Board of Immigration Appeals dismissing her

appeal from an order of the immigration judge denying her applications for

withholding of removal and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Because the Board adopted the decision of the immigration judge and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), we review both the Board's decision and the immigration judge's decision. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

The agency rejected Cruz Pineda's application for withholding of removal for three independent reasons: first, she failed to demonstrate past persecution or a clear probability of future persecution; second, her proposed particular social group of "intimate partners of police officers" was not socially distinct; and third, she did not show that she was still a member of that group. In this court, Cruz Pineda does not discuss the third reason. And although she argues that her proposed social group is "cognizable," a cognizable social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Cruz Pineda does not address social distinction, the only requirement that the agency determined she did not meet. She therefore has not meaningfully challenged the agency's rejection of her proposed particular social group, and she has forfeited her challenge to the denial of her application for withholding of removal. *See Velasquez-Gasper v. Barr*, 976 F.3d 1062, 1065 (9th

Cir. 2020).

Similarly, the agency rejected Cruz Pineda's application for CAT protection for two independent reasons: first, she did not demonstrate that she was at particular risk of severe harm if returned to El Salvador; and second, she did not show that any harm would be inflicted by or with the consent or acquiescence of Salvadoran public officials. In this court, Cruz Pineda asserts that there is "widespread violence and lawlessness" in El Salvador from which the Salvadoran government "refus[es] to protect its citizens," and she references a country conditions report supporting that assertion. But an applicant for CAT relief "must show that any risk of torture is particularized," *Colin-Villavicencio v. Garland*, 108 F.4th 1103, 1115 (9th Cir. 2024), meaning that she faces a "risk of torture . . . higher than that faced by all . . . citizens" of the country to which she would be returned, *Ruiz-Colmenares*, 25 F.4th at 751. The immigration judge noted that Cruz Pineda "has not presented evidence that she, more than any other Salvadoran citizens, would be particularly at risk of being tortured in El Salvador." Cruz Pineda has made no argument in this court that her risk of harm is particularized. She therefore has not meaningfully challenged the judge's harm determination, and she has forfeited her challenge to the denial of her application for CAT protection. *See Velasquez-Gasper*, 976 F.3d at 1065.

**PETITION DENIED.**