NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

REYES AYALA-LARA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-841

Agency No.
A205-404-261

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025**
Phoenix, Arizona

Before: N.R. SMITH, HURWITZ, and COLLINS, Circuit Judges.

Reyes Ayala-Lara, a native and citizen of Mexico, petitions for review of the

decision of the Board of Immigration Appeals (BIA), dismissing his appeal of the

denial by an immigration judge (IJ) of cancellation of removal. Citing *Matter of*

*Burbano*, 20 I. & N. Dec. 872 (BIA 1994), the BIA adopted the IJ's determination

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

that Ayala-Lara failed to establish exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D). We review this determination for "substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

Substantial evidence supports the BIA's determination that the hardship to Ayala-Lara's qualifying daughter would not rise to the level of "exceptional and extremely unusual," because it would not be "substantially different from or beyond that which would ordinarily be expected" from a parent's removal from the United States. *Wilkinson v. Garland*, 601 U.S. 209, 215 (2024). The BIA did not err in concluding that even if Ayala-Lara's removal would cause economic hardship and a lower standard of living for his daughter, those considerations would not satisfy the standard for relief under § 1229b(b)(1)(D). *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (noting that "Petitioner demonstrated sadly common hardships that can result when an alien parent is removed and must make the heart-wrenching decision between family unity and the children's ability to enjoy the educational and economic advantages of living in

---

[1] Ayala-Lara requests that we remand the case to the BIA for it to consider whether the reopening of his proceedings following administrative closure was warranted. Ayala-Lara did not exhaust this issue before the BIA. *See* 8 U.S.C. § 1252(d)(1). The government objects to his failure to exhaust; therefore, we decline to address it. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

the United States"); *see also Wilkinson*, 601 U.S. at 225 ("Only the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review.").

**PETITION DENIED.**