**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMIRO REYES GOMEZ, | No. 20-72853 |
| Petitioner, | Agency No. A079-286-952 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2025[**]
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Ramiro Reyes Gomez, a native and citizen of Guatemala, seeks

review of a decision of the Board of Immigration Appeals (BIA) affirming the

denial by an Immigration Judge (IJ) of his claims for asylum, withholding of

removal, relief under the Convention Against Torture (CAT), and cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this petition is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. Petitioner raises two claims in his petition for review: (1) whether the IJ and BIA erred by concluding that his withholding claim lacked a nexus to his particular social group based on his family membership; and (2) whether the IJ and BIA erred by determining that his cancellation claim failed because his four United States citizen children would not suffer exceptional and extremely unusual hardship.[1] Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the IJ's decision," the court "review[s] the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). The court reviews questions of law de novo and factual findings for substantial evidence. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).

1. <u>The Nexus Determination</u>. Petitioner argues that the BIA erred by reviewing the IJ's nexus finding for clear error, rather than de novo. "[T]he BIA reviews the IJ's underlying factual findings . . . for clear error." *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023) (as amended). "But the BIA must review de novo . . . whether a protected ground was . . . 'a reason' (for withholding

---

[1]    The Government argues that Petitioner forfeited any challenge to the denial of his asylum and CAT claims. Petitioner does not contest that he forfeited these claims. Accordingly, we do not analyze them.

of removal) for the past or feared harm." *Id.* (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021)). In *Umana-Escobar*, we remanded to the BIA because "there [wa]s insufficient indication from the rest of the BIA decision that the BIA's clear error review pertained to the IJ's factual determinations relating to the lack of persecutory motive, as opposed to the ultimate nexus determination." *Id.* at 552–53.

Here, the BIA's discussion of the IJ's nexus finding relates to the IJ's factual determination that Petitioner "ha[d] not shown that any of his family members have been targeted on account of their family membership." The BIA did not err in reviewing the underlying factual finding for clear error, and the finding was adequately supported. On de novo review, we apply these facts to the legal question of the nexus determination. *See Garcia*, 988 F.3d at 1146 ("A withholding of removal applicant . . . must prove . . . that a cognizable protected ground is a reason for future persecution." (citation modified)). Petitioner's withholding claim fails because there was no showing that the harms he complains of were inflicted on account of his family membership.

2. The Exceptional and Extremely Unusual Hardship Finding. The parties dispute only the fourth criterion regarding Petitioner's potential eligibility for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1): whether his United States citizen children will suffer exceptional and extremely unusual hardship if he

is removed to Guatemala.  The Government's argument that we lack jurisdiction to review this claim is foreclosed by *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024) (calling an agency's hardship determination a reviewable, "quintessential mixed question of law and fact").  We apply the substantial evidence standard to the review of hardship determinations.  *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

Substantial evidence supports the BIA's determination that Petitioner's United States citizen children will not suffer exceptional and extremely unusual hardship if he is removed to Guatemala.  "[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases."  *Id.* at 1007.  The BIA determined that the emotional harm Petitioner's children will likely experience does not rise to the level of extreme hardship, and the record does not compel a contrary conclusion.

**PETITION DENIED.**  The temporary stay of removal, Dkt. 1, shall dissolve on the issuance of the mandate.