NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALILA JUAREZ-AROCHE; D. A. S.-J., | No. 23-151 |
| Petitioners, | Agency Nos. A208-445-111 A208-445-110 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Dalila Juarez-Aroche and her minor son, natives and citizens of Guatemala,

petition for review of a final order of the Board of Immigration Appeals (BIA)

affirming an immigration judge's (IJ) denial of asylum and withholding of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA adopted and affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), "we review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).  We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted); *see also Urias-Orellana v. Bondi*, 146 S. Ct. 845, 848 (2026) ("[T]he agency's conclusion that a given set of undisputed facts does not constitute persecution" is reviewed for substantial evidence.).  Under the substantial evidence standard, we will reverse the agency "only on a finding that the evidence not only supports a contrary conclusion, but compels it." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016)).

1.      The IJ did not legally err in relying on *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), to conclude that Juarez-Aroche did not establish past persecution.  Under *Wakkary*, harm to a petitioner's family and friends bears on past persecution only when it is "part of 'a pattern of persecution closely tied to'" the petitioner.  558 F.3d at 1060 (quoting *Arriaga-Barrientos v. INS*, 937 F.2d 411,

---

[1] Juarez-Aroche's minor son, who is not a U.S.-citizen, is listed as a derivative beneficiary of her application for asylum.  He did not file a separate application for withholding of removal.

414 (9th Cir. 1991)). The IJ properly applied this standard in concluding that the harm and threats to Juarez-Aroche's family were not "part of a 'pattern of persecution closely tied'" to her to establish past persecution.

2. Substantial evidence supports the agency's determination that Juarez-Aroche did not establish past persecution or a well-founded fear of future persecution to support her applications for asylum and withholding of removal. Although her family has suffered sporadic instances of violence in Guatemala, Juarez-Aroche was never directly harmed or threatened. *Cf. Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021). The IJ reasonably concluded that the attacks against her family were not part of a pattern of persecution closely tied to Juarez-Aroche considering she was not named or threatened by anyone opposing ANACAMPRO during these attacks. *Wakkary*, 558 F.3d at 1060; *Arriaga-Barrientos*, 937 F.2d at 414.

Further, after her husband's murder, Juarez-Aroche continued to live safely in Guatemala until she left for the United States. And her relatives, many of whom are former members or still active in ANACAMPRO, have mostly lived in Guatemala without incident. Her continued safety and that of her family significantly undercuts the likelihood that she will face persecution if removed to Guatemala. *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021); *Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991).

3.     The agency's denial of asylum and withholding of removal was also proper because substantial evidence supports the agency's determination that Juarez-Aroche could reasonably relocate within Guatemala. *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004); 8 C.F.R. §§ 208.16(b)(2), 1208.13(b)(2)(ii). After her husband was murdered by unknown individuals, Juarez-Aroche lived in Guatemala City for a year, Quetzaltenango for a year and a half, and Malacatán for about seven months. During that time, she was not harmed and did not receive any direct threats. The country conditions reports, which do not address violence against ANACAMPRO members do not compel the conclusion that her relocation would be unsafe or unreasonable.

**PETITION DENIED**.[2]

---

[2] The motion for a stay of removal, Dkt. 18, is denied as moot.